IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02730-CMA-CBS

MICHAEL WALTERS and
LISA WALTERS, a married couple,

      Plaintiffs,

v.

TOWNSEND FARMS, INC., an Oregon corporation doing business in Colorado;
PURELY POMEGRANATE, INC., a California corporation;
FALLON TRADING CO., INC., a Pennsylvania corporation doing business in Colorado;
UNITED JUICE CORP., a New Jersey corporation doing business in Colorado; and
DOES 5-100, inclusive,

      Defendants.

## RECOMMENDATION REGARDING DEFENDANT PURELY POMEGRANATE'S MOTION FOR FEES AND COSTS

Magistrate Judge Shaffer

      This motion comes before the court on Defendant Purely Pomegranate Inc.'s (Purely Pomegranate) Motion for Fees and Costs (doc #72). The motion seeks attorneys fees and costs for Purely Pomegranate's defense of claims brought by Plaintiffs Michael and Lisa Walters ("Plaintiffs" or "the Walters") arising from a Hepatitis A outbreak in Colorado. On August 6, 2014, the district court referred the pending motion to this Magistrate Judge. I have reviewed the instant motion and briefs (and attachments), the entire case file, and the applicable law, and am sufficiently advised in the premises.

## STATEMENT OF THE CASE

In their original Complaint (doc. #6) filed on June 20, 2013 in the District Court for Arapahoe County, Colorado, Plaintiffs alleged that Michael Walters contracted Hepatitis A by consuming Townsend Farms Organic Antioxidant Blend, a frozen berry and pomegranate seed mix sold by Defendant Townsend Farm, an Oregon corporation. Defendant Purely Pomegranate, a California corporation, manufactures, distributes, and sells pomegranate products. Purely Pomegranate shipped Turkish pomegranate seeds to Townsend Farms for its antioxidant blend. From April 29, 2013 to September 23, 2013, a Hepatitis A outbreak infected 162 people in ten western states, including Colorado. The Centers for Disease Control and Prevention determined that the pomegranate seeds in the Townsend Farms Organic Antioxidant Blend caused the outbreak. Claiming that Michael Walters contracted Hepatitis A in conjunction with this outbreak, Plaintiffs brought suit against Townsend Farms, Purely Pomegranate and others, asserting claims for strict liability, negligence, negligence per se and breach of warranties.[1] The instant lawsuit is one of at least sixteen cases filed in the wake of this Hepatitis A outbreak (doc. #3).

After the Walters initiated this action, Purely Pomegranate removed the case to federal court on October 4, 2013 (doc. #1) on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). On January 13, 2014, Purely Pomegranate moved to dismiss (doc. #37) for lack of personal jurisdiction, arguing that it does not have sufficient contacts with Colorado and did not purposefully direct its activities towards Colorado and its residents.[2] Plaintiffs' Response in

---

[1] On November 13, 2013, Plaintiffs filed their Second Amended Complaint (doc. #31) which asserted claims for strict liability, negligence, breach of warranties (as to Townsend Farms only) and loss of consortium.

[2] On January 31, 2014, the Walters and Purely Pomegranate filed an Unopposed Motion to Extend Plaintiffs' Deadline to File a Response to Purely Pomegranate's Motion to Dismiss (doc.

Opposition (doc. #51), filed on March 7, 2014,[3] invoked Colorado's long arm statute, C.R.S. § 13-1-124, which allows personal jurisdiction where tortious misconduct in another state causes injury within Colorado. In its July 2, 2014 Reply in Support of Motion to Dismiss (doc. #63), Purely Pomegranate referenced a related case, *Faber v. Townsend Farms,* No. 13-cv-02423-RBJ, 2014 WL 2892249 (D. Colo. June 26, 2014), which involved the same defendants and legal claims arising from the 2013 Hepatitis A outbreak.[4] *Id.* at *1-2. The district court in *Faber* granted Defendant Purely Pomegranate's motion to dismiss after finding that company's connection with Colorado was too tenuous to support either general or specific jurisdiction under Colorado's long arm statute and federal due process standards.[5]

---

#43). That motion acknowledged that "[n]ational counsel for the Moving Parties are involved in twenty-nine suits in multiple jurisdictions around the country, as well as other unfiled claims, all of which allegedly arise from the same allegedly contaminated fruit product." Counsel requested the extension of time based on the parties' efforts "to arrange a mediation in this, and other cases, in an attempt to resolve the many claims and lawsuits arising out of the allegedly contaminated fruit product." The Unopposed Motion further represented that "[c]ounsel for the Moving Parties agree that the scheduling of litigation matters in this case should, as much as possible, be done on a basis that is consistent with the demands of other cases in litigation across this country due to this outbreak, so that the litigation may proceed in an efficient, realistic, and non-duplicative manner." The Walters requested, without opposition from Purely Pomegranate, that their Response to the pending motion to dismiss be filed on March 31, 2014, "so that the Moving Parties can continue in their efforts to resolve this case, and the other related cases filed nationally."

[3] On February 12, 2014, I extended Plaintiffs' deadline for responding to Purely Pomegranate's motion, but only until March 7, 2014. *See* Courtroom Minutes/Minute Order (doc. #50). Counsel for the parties filed a Status Report (doc. #52) on March 17, 2014, in which they advised this court that they "continue to believe that a settlement of these remaining claims is likely, and accordingly agree to continue to cooperate to facilitate that process" and "to work diligently toward the establishment of a procedure for the efficient resolution of all claims."

[4] Plaintiffs in *Faber* were represented by the same attorneys who signed the Walters' Second Amended Complaint on November 8, 2013. The same defense attorneys represented Purely Pomegranate in both cases.

[5] Purely Pomegranate filed its motion to dismiss for lack of personal jurisdiction in *Faber* on November 14, 2013. Although Suzanne Faber, like the Walters, subsequently moved to voluntarily dismiss her action in Colorado pursuant to Fed. R. Civ. P. 41(a), Purely Pomegranate

On July 22, 2014, I held a hearing on Purely Pomegranate's motion to dismiss in this action. At that hearing (doc. #66), Plaintiffs' counsel explained that his clients were asserting specific jurisdiction under the Colorado long-arm statute. In response, this court noted the United States Supreme Court's recent decision in *Walden v. Fiore*, __ U.S. __, 134 S.Ct. 1115, 1121 (2014), which held that to satisfy the due process clause, defendants must have a "substantial connection with the forum state" through "contacts the defendant himself creates with the forum State." After further colloquy with the court, Plaintiff's counsel indicated that the Walters would be voluntarily dismissing this case and pursuing their claims in California.[6]

On July 24, 2014, I issued a Recommendation (doc. #68) that Purely Pomegranate be dismissed from this action without prejudice for lack of personal jurisdiction after concluding that Plaintiffs had not come forward with sufficient facts to demonstrate that Defendant had

---

elected not to seek recovery of fees and costs in that case. However, the motion to dismiss filed by Purely Pomegranate in the Walters' action is virtually identical to the Rule 12(b)(2) motion that counsel filed in *Faber*. Defendant's reply brief filed on July 2, 2014 incorporates, without change, many of the same passages included in the reply brief filed in *Faber* on December 19, 2013. I question why the Walters should assume responsibility for fees and costs initially incurred in the *Faber* litigation, particularly after Defendant elected to forego fees and costs in that case and against that plaintiff.

[6] On July 1, 2014, the same attorney filed in *Faber* "Plaintiff's Motion to Voluntarily Dismiss Plaintiff's Claims, Without Prejudice." With that motion, Ms. Fabe sought to consolidate her claims "as part of the class action lawsuit currently pending in United States District Court for the Central District of California." Counsel acknowledged that he and national counsel for Purely Pomegranate were "involved in twenty-nine lawsuits in multiple jurisdictions around the country, all of which arise from the subject outbreak." Plaintiff's counsel also conceded that

> California is the proper jurisdiction for this case, especially given that Purely Pomegranate, the entity that purchased and distributed the seeds, is located there, as well as the place of residence for many of the victims of the outbreak. Moreover, there are significant judicial resources to be saved by having all claims before a single court.

sufficient minimum contacts with Colorado to satisfy the due process standard. On July 25, 2014, the parties filed, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii),[7] a Stipulated Dismissal Without Prejudice of All Claims (doc. #70) asserted in this case. That filing specifically acknowledged that "Defendant Purely Pomegranate may file a motion for costs and fees for the Court's consideration in accordance with the Federal Rules of Civil Procedure." With the instant Motion for Fees and Costs, Purely Pomegranate requests $36,379 in attorneys fees and $630.30 in costs.

## ANALYSIS

In moving to recover attorney fees incurred in this action, Purely Pomegranate invokes both Fed. R. Civ. P. 41(d) and C.R.S. § 13-17-201. The Walters argue, in response, that their voluntary dismissal of the claims against Purely Pomegranate "was not pursuant to Rule 12, and only the refiling of this case in Colorado with a finding that it was vexatious would arguably subject the Plaintiffs to a Rule 41(d) fee and cost obligation." To the contrary, Defendant contends

> This is exactly the type of case where an award of attorneys' fees and costs is appropriate and justified given Plaintiffs' counsels' gamesmanship which resulted in [Defendant] unnecessarily incurring substantial fees and costs in relation to the retention of Colorado counsel and seeking dismissal of this improperly filed action.[8] Only after Purely Pomegranate's California counsel incurred the cost of

---

[7] Rule 41(a)(1)(A)(ii) provides that a plaintiff may dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared."

[8] Although Purely Pomegranate contends that it was "necessary" to retain local counsel to defend the Walters' action, that may be an overstatement. The District of Colorado requires that "only unrepresented individual parties and members of this court's bar may appear or sign a pleading, motion or other document." *See* D.C. COLO.LCivR 11.1(a). I have confirmed that Robert Binion, Purely Pomegranate's lead counsel, is a member in good standing of the bar of this District Court. Nevertheless, Purely Pomegranated retained the services of two partners and one "senior paralegal" with a preeminent local law firm. Billing records provided by that firm

5

>defending this action, filing the Rule 12(b)(2) motion, preparing for oral argument, and traveling to Colorado and arguing the motion, did Plaintiffs' counsel inform Purely Pomegranate that he would voluntarily dismiss the action pursuant to Rule 41 after oral argument when the Court informed the parties that it would recommend Purely Pomegranate's motion be granted.

"Under the American Rule, absent a statute or enforceable contract, a prevailing litigant is ordinarily not entitled to collect reasonable attorney fees from the loser." *Aguinaga v. United Food and Commercial Workers International* Union, 993 F.2d 1480, 1481 (10th Cir. 1993) (citing *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247 (1975)). However, the Tenth Circuit has held that in an action predicated on diversity jurisdiction, attorney fees statutes are considered substantive, rather than procedural, law. *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000). *See also Zerr v. Johnson*, 120 F.3d 272, at *2 n.4 (10th Cir. July 29, 1997) (Table) (holding that C.R.S. § 13-17-201 "is equally applicable where a federal diversity tort claim brought pursuant to Colorado law is dismissed pursuant to Fed. R. Civ. P. 12(b)"); *Jones v. Haga,* No. 05-cv-02268-PSF-CBS, 2007 WL 433126, at *1 (D. Colo. Feb. 2, 2007) (applying C.R.S. § 13-17-201 after noting that state attorneys' fees statutes are substantive law for diversity purposes). Thus, initially I look to Colorado law, and more specifically C.R.S. § 13-17-201, in resolving Purely Pomegranate's request for attorney fees.

A.     *C.R.S. §§ 13-17-201 and 13-16-113(2)*

---

include numerous time entries that reference "review[ing] and edit[ing]" draft briefs prepared by Purely Pomegranate's national counsel. While Defendant has the right to hire as many law firms and attorneys as it deems appropriate, it seems a stretch to suggest that the Walters' lawsuit "necessitated" the time and efforts of two different law firms and seven different attorneys.

Colorado Revised Statute § 13-17-201, and its companion provision § 13-16-113(2), [9] mandate the award of attorney fees and costs where a tort action is dismissed "prior to trial under rule 12(b) of the Colorado rules of civil procedure." *Crandall v. City of Denver*, 238 P.3d 659, 662-63 (Colo. 2010) (declining to reduce an attorney fee award simply because certain of the attorneys' work might be useful in companion litigation). *Cf. Kreft v. Adolph Coors Co.*, 170 P.3d 854, 859 (Colo. App. 2007) (holding that "[a]n award of attorney fees is mandatory when a trial court dismisses a tort action under C.R.C.P. 12(b)."). As the Colorado Supreme Court acknowledged in *Crandall*, 238 P.3d at 663, §§ 13-17-201 and 13-16-113(2) contain "no language that suggest anything other than a mandatory award" and leave "nothing to the discretion of the trial court except to determine what is a reasonable fee." That statutory interpretation is consistent with the Colorado legislature's intent to "discourage the unnecessary litigation of tort claims." *Jaffe v. City and Cnty. of Denver*, 15 P.3d 806, 813 (Colo. App. 2000).

However, because these statutory provisions stand in derogation of the American Rule, they must be strictly construed. *See Sotelo v. Hutchens Trucking Co.,* 166 P.3d 285, 287 (Colo. App. 2007) (citing *City of Wheat Ridge v. Cerveny*, 913 P.2d 1110, 1114 (Colo. 1996) (in light of the American Rule, a fee-shifting provision will not be construed as mandatory unless its directive is specific and clear)). In addressing the scope of § 13-17-201, the Colorado Supreme Court has explained that lower courts should "employ the traditional rules of statutory construction in order to ascertain and give effect to the intent of the General Assembly."

---

[9] The parties' briefs only addressed § 13-17-201, which mandates attorney fees. However, Defendant's motion also requests costs, which implicates § 13-16-113(2). The court is directed to conduct one analysis when applying these companion statutes "because the relevant language in both statutes is identical." *Crandall,* 238 P.3d at 662.

*Crandall,* 238 P.3d at 662 (in construing the express statutory language at issue, the court should "giv[e] words and phrases their commonly accepted and understood meaning").

Following that mandate, I find that Defendant Purely Pomegranate cannot successfully invoke § 13-17-201 or § 13-16-113(2) under the particular facts in this case.  It cannot be fairly disputed that the claims against Purely Pomegranate in this case were dismissed without prejudice pursuant to Rule 41(a)(1)(A)(ii), not Rule 12(b)(2).[10]  That fact alone defeats Defendant's reliance on Colorado's fee and cost-shifting statutes.  I acknowledge that my Recommendation of July 24, 2014 concluded that the Walters had failed to come forward with sufficient facts to establish personal jurisdiction over Purely Pomegranate in this forum. However, 28 U.S.C. § 636(b)(1)(A) and (c) precludes a magistrate judge from deciding a motion to involuntarily dismiss an action except upon the consent of the parties.  Therefore, my Recommendation had no dispositive effect as of July 25, 2014, when the parties stipulated to the dismissal of the entire action pursuant to Rule 41(a)(1)(A)(ii).  If Purely Pomegranate wished to pursue cost-shifting under § 13-17-201 and § 13-16-113(2), it should have refused the stipulation offered by the Walters and hoped that the district judge would adopt my analysis after additional expense and delay.[11]  The Colorado Supreme Court directs me to strictly construe §§ 13-17-201

---

[10] *Cf. Thompson v. Greyhound Lines, Inc.*, 574 Fed. Appx. 407, 409 (5th Cir. 2014) ("The rule in the federal courts is that the effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) is to render the proceedings a nullity and leave the parties as if the action had never been brought.").

[11] *See* Fed. R. Civ. P. 72(b)(2) and (3) (providing that a party must file specific objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, and the non-objecting party must respond to those objections 14 days thereafter; the district judge "may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions").  While Defendant cannot be faulted for electing the more expedient path to dismissal, I presume that Purely Pomegranate found that strategy more attractive than staying the

and § 13-16-113(2), and the claims against Purely Pomegranate were not dismissed pursuant to Rule 12(b).

I also note that several courts, both trial and appellate, have held that a plaintiff may "avoid liability for attorney fees by voluntarily dismissing or by stipulating to the dismissal of the action, or by confessing the defendant's C.R.C.P. 12(b) motion to dismiss." *See, e.g., Tunget v. Board of County Commissioners of Delta County.,* 992 P.2d 650, 653 (Colo. App. 1999). *Cf. Crow v. Penrose-St. Francis Healthcare System*, 262 P.3d 991, 998 (Colo. App. 2011) ("A party may avoid liability by seeking a voluntary dismissal or confession of the defendant's motion."); *Houdek v. Mobil Oil. Corp.*, 879 P.2d 417, 425 (Colo. App. 1994) ("By implication, § 13-17-201 allows a plaintiff to escape liability for attorney fees by seeking a voluntary dismissal or by filing a stipulation of dismissal[.]").

In *Zerr,* 120 F.3d 272, at *3, the Tenth Circuit affirmed the district court's denial of attorney fees, holding that the voluntary dismissal exception under § 13-17-201 was properly applied to preclude defendant from recovering attorney fees where the plaintiff confessed the defendant's motion to dismiss and filed a voluntary dismissal. The Tenth Circuit further concluded that the exception for voluntary dismissal was not limited to situations "where the confession or stipulation of dismissal is filed immediately following the motion to dismiss," but would also extend to "defendant's expenditure of additional resources beyond the filing of its motion to dismiss." *Id. Compare The Meadows at Buena Vista, Inc. v. Arkansas Valley Publishing Co.*, No. 10-cv-02871-MSK-KMT, 2012 WL 4442737, at *3 n.5 (D. Colo. Sept. 26, 2012) (while the court acknowledged that § 13-17-201 entitled the defendant to an award of fees

---

course and seeing its motion to dismiss through to final disposition.

in the wake of the order granting defendant's Rule 12(b)(6) motion, it also noted that "[a]t no time did the Plaintiffs seek a voluntarily dismissal of its claims or confess the dismissal of the claims," which would have "avoided an award of fees").[12] For the foregoing reasons, Defendant's request for fees and costs under C.R.S. § 13-17-201 and § 13-16-113(2) should be denied.

*B.     Fed. R. Civ. P. 41*

Defendant Purely Pomegranate argues, in the alternative, that the court should award fees and costs pursuant to Rule 41(d). According to Defendant, "Rule 41(d) does not specify which court – the court presiding over the original action or the court presiding over the second action – decides the motion for costs." Purely Pomegranate maintains that fees and costs should be awarded by this district court because the Walters' action has been dismissed, "Plaintiffs have now filed the identical action against Purely Pomegranate in California," all of the costs incurred by Defendant's Colorado counsel and the vast majority of costs and fees incurred by

---

[12] Dicta *in Crandell*, 238 P.3d at 664-65, might call into question the continued viability of the "voluntary dismissal" exception to § 13-17-201. In that case, the Colorado Supreme Court acknowledged the earlier decision in *Employers Insurance of Wausau v. FFEEF USA Fund-II (Colo.), Inc.*, 805 P.2d 1186, 1188 (Colo. App. 1991) which held that a strict application of § 13-17-201 would lead to an "absurd result" if the plaintiff was required to pay defendant's fees after confessing defendant's motion to dismiss or stipulating to dismissal of the action. The Colorado Supreme Court did not explicitly overrule *Employers Insurance*, finding instead that case involved unique circumstances "in which the plaintiff promptly confessed the motion to dismiss, preventing additional defense expenditures." *Crandell*, 238 P.3d at 665. I believe this case involves similarly unique circumstances that warrant a departure from § 13-17-201. Once Purely Pomegranate filed its motion to dismiss, the parties delayed briefing to pursue settlement discussions in an effort to avoid further litigation expenses. I also note that Plaintiffs' counsel and counsel for Purely Pomegranate moved to voluntarily dismiss the *Farber* case on July 1, 2014. If the parties had filed contemporaneously a similar motion in this case, there would have been no need for the reply brief Purely Pomegranate filed on July 2, 2014 or the motion hearing I held on July 22, 2014. I am loath to hold the Walters solely responsible for that missed opportunity.

California counsel will not be useful to the newly filed litigation in California, and finally because "Plaintiffs' counsels conduct in this case was vexatious." *See* Defendant's Reply in Support of Motion for Attorneys' Fees and Costs (doc. #75) at 3. I believe these arguments are better raised in the Central District of California.

My research reveals that I am not the first federal judge to address the applicability of Rule 41 in litigation involving Purely Pomegranate. While the parties, and their attorneys, have not brought these other decisions to my attention, I find the analysis employed by my colleagues to be instructive.

In *Caldwell v. Townsend Farms, Inc.*,[13] No. 13-00408-SOM-RLP, 2014 WL 3809653 (D. Hawai'i July 31, 2014), Purely Pomegranate's counsel argued that fees and costs should be awarded pursuant to Rule 41(a) and (d) as a condition of the plaintiffs' voluntary dismissal. In denying that request, the court in *Caldwell* noted that Rule 41(d) was not applicable because

> it applies when a "plaintiff who *previously dismissed an action* in any court files an action based on or including the same claim against the same defendant." Nothing in the record establishes that the Caldwells have previously dismissed a related action.

*Id.* at *3 (emphasis in original). As for Rule 41(a)(1), the court conceded that the "Caldwell's *counsel* may have filed separate actions in nine different districts on behalf of other clients, but there is no evidence that the *Caldwells* have done so." *Id.* (emphasis in original). Moreover,

---

[13]Jenabe and Motoko Caldwell filed a state-court action against Townsend Farms, Inc. and Purely Pomegranate which subsequently was removed to federal court. Approximately one year later, after filing a second amended complaint, the Caldwell's moved to voluntarily dismiss their claims against all parties pursuant to Rule 41(a)(2), in favor of a class action lawsuit in the United States District Court for the Central District of California.

"[c]ourts impose few or no conditions early in the case when the defendant faces, at most, the mere prospect of relitigation in another forum." *Id.*

More recently, in *Lee v. Townsend Farms, Inc.*,[14] No. 1:13-cv-00388-BLW, 2014 WL 7149613 (D. Idaho Dec. 15, 2014), the district court rejected Purely Pomegranate's argument that Rule 41(d) fees and costs should be awarded by the court that presided over the first-filed but subsequently dismissed action. After noting that Lee had been named more recently as a plaintiff in the class action pending in the United States District Court for the Central District of California, the court explained,

> The decision whether to impose costs is within the discretion of the trial court. Wright & Miller, *Federal Practice and Procedure* § 2375 (3d ed. 2008). The purpose of the rule is to prevent the maintenance of vexatious law suits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious conduct. *United Transp. Union v. Maine Central R.R.,* 107 F.R.D. 391, 292 (D. Me. 1985).
>
> Although the award of attorney fees under this provision is discretionary, the language of Rule 41(d) suggests that that discretion should be exercised by the court with jurisdiction over the pending action - here the United States District Court of the Central District of California. Rule 41(d) states that the court may order costs of that previous action *and* may stay the proceedings. A plain reading of this rules shows that the court with the power to order costs is the same court with the power to stay proceedings. This court has no power to stay proceedings pending in the Central District of California.
>
> The court has found no case suggesting that it is the court presiding over the dismissed action which should award costs under Rule 41(d). In fact, all cases found by the Court and cited by Purely Pomegranate point to the opposite conclusion. *See, e.g., Esquivel v. Aran*, 913 F. Supp. 1382 (C.D. Cal. 1996) (Rule

---

[14]"This action was one of nine national class actions brought against Townsend Farms, Inc. alleging that the company was negligent in importing, manufacturing, distributing, and selling a food product that was contaminated with the hepatitis A Virus. Defendant Purely Pomegranate was added in the First Amended Complaint for allegedly providing Townsend with pomegranate seeds present in the contaminated product. Counsel for Leslie Lee brought all nine actions, but Lee was only named in the action before this Court." *Lee,* 2014 WL 7149613, at *1.

> 41(d) motion considered by court presiding over pending action); *Jurin v. Google, Inc.*, 695 F. Supp. 2d 1117 (E.D Cal. 2010) (same); *Lloyd v. Pacificorp*, No. CV 090360-ST, 2009 WL 2392993 (D. Or. July 31, 2009) (same); *Bran v. Sun Pac Farming Coop.*, No. CVF 06-0871 LJO TAG, 2007 WL 781865 (E.D. Cal. Mar. 13, 2007) (same).

*Id.* at *1-2. While I am not aware of any Tenth Circuit decisions that address this specific issue, I find the logic in Chief Judge Winmill's analysis in *Lee* compelling.

Having one district court address all the Rule 41(d) claims in all the related (and previously dismissed lawsuits) is particularly appropriate in light of the billing statements presented by Purely Pomegranate in this case. As previously noted, the motion to dismiss and related reply brief filed by Defendant in this action were virtually identical to the papers filed by Purely Pomegranate in *Faber*. The billing entries submitted in support of Defendant's request for attorneys fees in this case reflect that Defendant's national firm is seeking, for the period from August 29, 2013 through December 17, 2013, $10,579 in attorneys fees reflecting 33.66 hours spend in researching Rule 12(b)(2) and drafting and revising the briefs in *Faber*.[15] All of that work was performed before a motion to dismiss was filed in the instant case. From my review of the Carroll firm's billing statements, it appears that Mr. Binion (who I presume was

---

[15]For example, in requesting $29, 526 in attorneys fees from the Walters, the Carroll law firm claims $1000.50 for time spent on December 9, 2013 to "begin analyzing cases cited by [Plaintiff's counsel] in opposition to motion to dismiss Faber and research courts that have distinguished them for reply in support of motion to dismiss," and $517.50 for time spend on December 15, 2013 to "continue to analyze Supreme Court caselaw on personal jurisdiction and to develop strategy for reply in support of motion to dismiss Faber." Defense counsel goes on to request $1,330 for time spent "review[ing] claim pack to evaluate Johnson, Kenyon, Odell, Malagrita, Maurer, Sheehan, Soza, Tropio, Walters, Yoland, and Berg." This work was performed on January 11, 2014 by Robert Eshelman, a partner at Carroll with a billing rate of $380. Even if these costs are recoverable under Rule 41(d), I am not certain why the Walters should be financially responsible for fees incurred by Purely Pomegranate's counsel to evaluate claims brought by other plaintiffs.

13

Purely Pomegranate's lead counsel in all of these case) is requesting $18,964.50 for 54.66 hours devoted to researching, drafting, and revising the motions to dismiss (and related briefs) in *Faber* and *Walters*. Some of that same research and drafting may well have been utilized in other related cases brought against Purely Pomegranate. The district court in the Central District of California is in a far better position to decide whether or to what extent the fees and costs associated with that recycled research and drafting should be allocated among the various plaintiffs.

## CONCLUSION

Accordingly, for the foregoing reasons, I recommend that Defendant Purely Pomegranate Inc.'s Motion for Fees and Costs be denied with prejudice to the extent that it seeks recovery under C.R.S. §§ 13-17-201 and 13-16-113(2). I further recommend that Defendant's Motion be denied, without prejudice, to the extent Purely Pomegranate seeks fees and costs under Rule 41(a) or (d). The latter claims are better brought in the Central District of California.

DATED this 20th day of January, 2015.

BY THE COURT:

s/ Craig B. Shaffer
United States Magistrate Judge